UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JACQUELYN DENNISE FORREST, | : | CASE NO. 06-01967-8-RDD |
| | : | |
| Debtor. | : | |

### RESPONSE OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTIONS TO CLAIM NUMBERS 4, 10 AND 15 AND REQUEST FOR HEARING

eCAST Settlement Corporation ("eCAST"), by and through its undersigned counsel, hereby responds to the Debtor's Objections to Claim Numbers 4, 10 and 15 and requests a hearing thereon, and in support thereof, avers as follows:

1. On July 5, 2006, Jacquelyn Forrest ("Debtor") filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. In July, 2006, Bank of America timely filed a general unsecured claim in the amount of $6,948.78 for the unpaid pre-petition balance due on Debtor's credit card account number ************7118. The claim is listed as Claim Number 4 ("Claim 4") on the Trustee's Claims Register. Subsequently, the Debtor's account was sold to eCAST. A Transfer of Claim 4 was filed with the court on February 8, 2007.

3. On her signed and sworn Schedule F of unsecured claims, the Debtor lists a debt owed to "Bank of America" without dispute using the same account number as Claim 4 and in the amount of $6,692.49. A true and correct redacted copy of the Debtor's Schedule F is attached hereto as Exhibit "A".

4.	On August 30, 2006, eCAST, as assignee of GE Money Bank ("GE"), timely filed a general unsecured claim in the amount of $2,043.94 for the unpaid pre-petition balance due on Debtor's Dillard's credit card account number ************4051.  The claim is listed as Claim Number 10 ("Claim 10") on the Trustee's Claims Register.

5.	On her signed and sworn Schedule F of unsecured claims, the Debtor lists a debt owed to "Dillard" without dispute using the same account number as Claim 10 and in the amount of $2,033.77, which is the balance due as reflected on the Debtor's May, 2006 account statement attached herein as Exhibit "C".  *See* Exhibit "A".

6.	On August 30, 2006, eCAST, as assignee of GE, timely filed a general unsecured claim in the amount of $843.90 for the unpaid pre-petition balance due on Debtor's Belk credit card account number ************9264.  The claim is listed as Claim Number 15 ("Claim 15") on the Trustee's Claims Register.

7.	On her signed and sworn Schedule F of unsecured claims, the Debtor lists a debt owed to "The Belk Center, Inc." without dispute in the amount of $547.34, which is the balance due as reflected on the Debtor's April, 2006 account statement attached herein as Exhibit "D".  *See* Exhibit "A".

8.	On September 18, 2008, the Debtor filed an Objection to Claim 4 alleging that the claim does not comply with Federal Rule of Bankruptcy Procedure 3001(c).  The Debtor requests the claim be disallowed in its entirety.

9.	On September 24, 2008, the Debtor filed an Objection to Claims 10 and 15 on the same basis as the Objection to Claim 4.  The Debtor requests the claims be disallowed in their entirety.

## RESPONSE

### *Claim 4*

10. According to the Objection to Claim 4, on August 14, 2008, Debtor's counsel wrote to Bank of America and requested documentation in support of the claim; however, Bank of America did not respond to such request which indicates that additional documentation is not available.

11. As previously noted, the Debtor's account represented by Claim 4 was sold to eCAST and a transfer of the account was filed with the court on February 8, 2007. Therefore, all correspondence with regard to Claim 4 should have been sent to eCAST. Due to improper service of the correspondence, eCAST did not receive the request for additional documentation until September 15, 2008, which is only 3 days prior to the filing of the Debtor's Objection.

### *Claims 10 and 15*

12. As stated in the Objection to Claims 10 and 15, on August 14, 2008, Debtor's counsel wrote to eCAST and requested documentation in support of the claims. On September 10, 2008, eCAST responded to Debtor's counsel and advised that eCAST was searching its records for additional documentation in support of Claims 10 and 15 and would provide such documentation if and when it becomes available.

13. On September 30, 2008, in accordance with eCAST's original letter to Debtor's counsel, eCAST sent a letter to Debtor's counsel via facsimile and provided additional documentation in support of Claims 10 and 15. A true and correct redacted copy of the correspondence is attached hereto and made a part hereof as Exhibit "B". *See* Exhibits "C" and "D" for enclosures.

### A LACK OF DOCUMENTATION IS NOT A BASIS UNDER 11 U.S.C. 502(b) UPON WHICH A CLAIM CAN BE DISALLOWED

14. A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by one of the specified provisions of the statute. *Dove-Nation v. eCAST Settlement Corp.* (*In re Dove-Nation*), 318 B.R. 147, 153 (B.A.P. 8th Cir. 2004); 11 U.S.C. § 502(b)(1)-(9). The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions, *Id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003).

15. Furthermore, the use of "shall" and the enumerated listing of exceptions permit no exercise of discretion beyond statute. *In re Taylor*, 289 B.R. at 384. As the United States Bankruptcy Appellate Panel for the Eighth Circuit opined: "Section 502(b) sets forth the **sole** grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." *In re Dove-Nation*, 318 B.R. at 150 (emphasis added).

> The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.

*Id.* at 153.

16. Nothing in 11 U.S.C. § 502(b)(1)-(9) would disallow a claim solely based on the allegation that the claimant failed to include sufficient supporting documentation.

### THE DOCUMENTATION ATTACHED TO THE CLAIMS COMPLIES WITH THE REQUIREMENTS OF THE BANKRUPTCY RULES

17. Claims 4, 10 and 15 were each filed with an account summary collectively reflecting the Debtor's name and address, redacted social security number, creditor name, redacted account number, account type, and pre-petition balance due.

18. Official Bankruptcy Form 10 provides that proofs of claim should be filed with supporting documents but, **"If the documents are voluminous, attach a summary."** (emphasis added).

19. A court in the Eastern District of Michigan concluded that the rules regarding claim documentation are not intended to require creditors to "prove up" their claims. Rather, "[t]he purpose of the rules regarding claims is to require creditors to provide sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor." *In re Hughes*, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004). This conclusion is supported by the plain language of Fed. R. Bankr. P. 3001 (c) and (f) which afford *prima facie* validity to a properly filed claim without supporting documents, where such documents have been lost or destroyed, provided the claim is filed with an accompanying statement to that effect.

20. "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). A properly executed and filed proof of claim is presumed to be valid. Fed. R. Bankr. P. 3001(f).

21. The majority of courts have concluded that the documentation of a credit card account is voluminous and to require that such documentation be produced would be burdensome. *See In re Toler,* No. 03-23991, slip op. (N.D. Ohio September 3, 2004) (overruling a debtor's objection to claim which was documented with a summary showing the debtor's name, address, partially redacted account number, name of the initial creditor, and balance, citing that the summary documentation provided was sufficient because the documents were voluminous.) Thus, a summary is sufficient to support a proof of claim based upon a credit card debt. *See also In re Cluff,* 313 B.R. 323 (Bankr. D. Utah 2004) *aff'd sub nom.*, *Cluff v. eCAST*

*Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) citing *In re Bledsoe,* No. 1-03-01609 (Bankr. M.D. PA 2004) (finding that it would be unduly burdensome to require a credit card company to attach a complete transaction history because the debt is based on each individual credit transaction)(unpublished), *see also In re Kemmer,* 315 B.R. 706 (Bankr. E.D. Tenn. 2004) (finding that Official Form 10 allows for attachment of a summary of the claim, which falls in line with Federal Rule of Evidence 1006).

22. The Eighth Circuit Bankruptcy Appellate Panel in *Dove-Nation v. eCAST Settlement Corp., supra* reviewed similar claims filed by eCAST. The Court ruled:

> In the instant case, the Claimant complied substantially with the rules and the instruction on the proof of claim form. The Claimant identified the claims almost to the exact dollar amounts listed by the Debtor in her schedules, attached summaries of the claims, provided explanations why additional documentation was not attached, and provided instructions to request additional documentation if desired. The claims complied with the spirit of the applicable rules and as such constituted prima facie evidence of the validity and amount of the claims. Fed. R. Bankr. P. 3001(f). However, even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b). 11 U.S.C. § 502(a) and (b).

318 B.R. at 151-152.

23. This is sufficient information for the Debtors to determine the creditor, the nature of the debt and the amount claimed, and to formulate a substantive objection to the claim, if one exists. *In re Hughes*, 313 B.R. at 205, 212 ("The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor.").

24. Although eCAST believes the claims are sufficient under the Bankruptcy Rules and for the Debtor to identify the underlying accounts, as previously noted, eCAST provided Debtor's counsel with additional documentation in support of Claims 10 and 15. The

documentation provided in support of Claim 10 includes a copy of the Bill of Sale of the account from GE to eCAST and copies of the Debtor's account statements, dated February, 2006 through June, 2006, true and correct redacted copies of which are attached hereto and made a part hereof as Exhibit "C". The statements reflect the Debtor's name and address (as reflected on the Debtor's voluntary petition), account number and monthly account activity. The June statement reflects a pre-petition balance due in the amount of $2,043.94 and supports Claim 10.

25. The documentation provided in support of Claim 15 includes a copy of the Bill of Sale of the account from GE to eCAST and copies of the Debtor's account statements, dated April, 2006 through June, 2006, true and correct redacted copies of which are attached hereto and made a part hereof as Exhibit "D". The statements reflect the Debtor's name and address (as reflected on the Debtor's voluntary petition), account number and monthly account activity. The June statement reflects a pre-petition balance due in the amount of $843.90 and supports Claim 15.

## THE EFFECT OF DEBTOR'S SCHEDULING OF THE DEBTS

26. The Debtor's listing of the creditors as unsecured claimants, standing alone, constitutes a judicial admission that she does in fact owe debts to these entities. *See Morgan v. Musgrove*, 187 B.R. 808, 812-813 (Bankr. N.D. Ga. 1995); also *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) (verified schedules and statements may give rise to evidentiary admissions) (citations omitted); *see also Mann v. Shepard (In re Gervich)*, 570 F. 2d. 247, 253 (8th Cir. 1978) (scheduled may create judicial admission of debt's existence); *In re Bohrer*, 266 B.R. 200 201 (Bankr. N.D. Ca. 2001) citing *Gervich,* 570 F.2d. at 253 (statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions); *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D. N.Y. 1992)

7

(finding that debtor's schedule entry created admission of debt); *Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502 (Bankr. W.D. Tex. 1996) (debtor's statement on bankruptcy schedules that he had no contingent and unliquidated claims was a judicial admission).

27.     A mere nonsubstantive objection to form is insufficient to overcome the assumptive validity of a disclosed, undisputed debt in Schedule F.  *In re Moreno*, 341 B.R. 813, 818 (Bankr. S.D. Fla. 2006).  A more substantive basis for objection would be necessary because, "Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances."  *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (citing *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963)).

28.     As stated above, the Debtor lists, in her Schedule F, the debts represented by Claims 4, 10 and 15 without dispute in amounts similar to the claims and/or in amounts supported by the account statements.  *See* Exhibit "A".  By such listing, the Debtor acknowledges her indebtedness to the creditors and claimants.

## *PRIMA FACIE* VALIDITY OF THE CLAIMS

29.     A claim that is properly executed and filed is given *prima facie* validity.  Fed. R. Bankr. P. 3001(f).  If the objecting party provides **substantial** evidence, he will succeed in overcoming the *prima facie* effect of 3001(f).  Only after overcoming the *prima facie* effect of the Proof of Claim does the burden of going forward shift to the Claimant to prove the validity of their claims by a preponderance of the evidence.  *Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir. 1992).

30.     Even a claim that is not sufficient to achieve *prima facie* validity is still some evidence of the debt.  *See In re Mazzoni*, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a

8

claim does not have prima facie validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $ 500,000 or up to five years in prison.")

31.　　The Debtor has failed to overcome the *prima facie* validity of Claims 4, 10 and 15.

## CONCLUSION

32.　　It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305 (1939).

33.　　The bankruptcy process is intended to reach an equitable result justly, quickly, and inexpensively. Fed. R. Bankr. P. 1001. Indeed, speed and economy are principal goals of the laws of bankruptcy. *Katchen v. Landy*, 382 U.S. 323, 328 (1966). The claim administration process grinds to a halt when technical objections to claims are filed and litigated when there appears to be no dispute as to the underlying debt. Accordingly, such manipulation fuels concerns about the equitable results for the various parties in the bankruptcy process.

34.　　eCAST avers that it adhered to the Rules of Bankruptcy Procedure in the filing of the claims and believe the claims are *prima facie* valid as filed. Should the Debtor raise a substantive dispute with the debt, which he has not, eCAST agrees that it then has the ultimate burden to prove the debt.

35.　　Disallowance of Claims 4, 10 and 15 under the aforementioned circumstances is unwarranted and the Debtor's Objections were filed without merit.

9

**WHEREFORE**, eCAST Settlement Corporation respectfully requests that the Debtor's Objections to Claim Numbers 4, 10 and 15 be overruled and the claims be allowed as filed or, in the alternative, eCAST be given additional time to complete their search for documentation in support of Claim 4.

Respectfully submitted,

By: */s/ B. Perry Morrison*
B. Perry Morrison, #16376
MORRISON LAW FIRM, P.L.L.C.
P. O. Box 2046
Wilson, NC  27894-2046
Telephone:  (252) 243-1003
Facsimile:   (252) 243-1004
*Local Counsel for eCAST Settlement Corporation*

BECKET & LEE LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, PA 19355
Telephone: (610) 644-7800
Facsimile:  (610) 993-8493
*Counsel for eCAST Settlement Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing Response and Request for Hearing was served by CM/ECF and/or via regular mail to: Joseph A. Bledsoe, III, Esquire, *Debtor's counsel*, Law Offices of John T. Orcutt, P.C., 6616-203 Six Forks Road, Raleigh, NC 27615 and Trawick H. Stubbs, Jr., *Chapter 13 Trustee*, P. O. Box 1618, New Bern, NC  28563 on this 21st day of October, 2008.

By: */s/ B. Perry Morrison*
MORRISON LAW FIRM, P.L.L.C.